UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| William Douthitt, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:13-cv-00754-DRH-PMF |
| ) | |
| v. ) | |
| ) | **PLAINTIFFS' MEMORANDUM OF LAW** |
| Arvinmeritor, Inc, *et al.*, ) | **IN SUPPORT OF MOTION TO REMAND** |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND**

**I. INTRODUCTION**

This Illinois state court tort action was removed to federal court on July 26 2013 by defendant Bell Helicopter Textron Inc.'s ("Bell Helicopter"). The purported basis for removal is Federal Officer jurisdiction pursuant to 28 U.S.C. §1442(a)(1). Bell Helicopter contends that its first notice of removability of this action was through the deposition testimony of plaintiff William Douthitt given on June 27, 2013. Plaintiffs disagree.

Plaintiffs' complaint alleges on its face that Mr. Douthitt suffered occupational exposure to asbestos and asbestos-containing products manufactured and supplied by defendants including Bell Helicopter while serving in the U.S. Army. As Bell Helicopter filed its Notice of Removal more than 30 days after being served with plaintiffs' Summons and Complaint on August 15, 2012, it is untimely and the action must be remanded back to Illinois state court.

1

## II. FACTUAL BACKGROUND

Plaintiffs filed this personal injury and loss of consortium action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois on July 24, 2012. The complaint in pertinent part, alleges that William Douthitt was exposed to and inhaled asbestos fibers emanating from asbestos-containing products while employed in the United States Army as a gunner from 1974 to 1976. (Complaint, attached as Exhibit A to the Declaration of Steven Aroesty)

Plaintiff further alleges that Mr. Douhitt's exposure to asbestos during this time was the result of his contact with products manufactured or supplied by each of the Defendants including Bell Helicopter thus giving rise to their liability under Illinois law. (*Id.*)

According to Bell Helicopter "[*a*]*ll* Bell Helicopter products that plaintiff encountered were manufactured and delivered to the United States government pursuant to contracts and specifications mandated by the United States." (Exhibit C to the Declaration of Steven Aroesty, p.3, ¶6). Thus, at the time plaintiffs asserted the allegation of exposure in the service of the United States Government against it, Bell Helicopter was already aware that plaintiffs' allegations against it arose from its federally related conduct and the type of product was inconsequential to its basis for removal..

Bell Helicopter was served with plaintiffs' Summons and Complaint on August 15, 2012. (Exhibit B, Proof of Service of Summons and Complaint to the Declaration of Steven Aroesty) Nearly a year later, Bell Helicopter filed its Notice of Removal of this action on July 26, 2013. (Exhibit C) The basis it stated for removal is Federal Officer jurisdiction pursuant to 28 U.S.C. §1442(a)(1) as raised by the Army exposure testimony provided by Mr. Douthitt at deposition. (Exhibit C, ¶¶3,6). However, the Complaint was the first paper putting Bell Helicopter on notice

2

of plaintiffs' allegations that it was being sued for exposure to its products used by Mr. Douthitt while in the U.S. Army making its removal untimely.

### III. ARGUMENT

### DEFENDANT'S NOTICE OF REMOVAL IS UNTIMELY

Under 28 U.S.C.A. § 1446, Bell Helicopter's removal of this action is improper because it failed to timely file a notice of removal. Section 1446(b) provides in pertinent part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the summons and complaint are served together, the 30-day period for removal runs at once. *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 1329, 143 L.Ed.2d 448 (1999). As was here, the facts supporting Bell Helicopter's basis for removal were evident on the face of the complaint. *Harris v. Bankers Life & Cas. Co*. (9th Cir. 2005) 425 F3d 689, 694; *Lovern v. General Motors Corp*. (4th Cir. 1997) 121 F3d 160, 162; *Whitaker v. American Telecasting, Inc.* (2nd Cir. 2001) 261 F3d 196, 206 (relevant test is what document said, not what defendant purportedly knew).

By Bell Helicopter's own admission, the grounds for removal under federal question jurisdiction were unequivocally clear and certain from plaintiffs' charging allegations Thus, when Bell Helicopter was first served with these allegations, the 30–day removal period started running. The grounds for removal can be ascertained from such clues in the initial pleadings as the nature of the claims, other allegations in the complaint or information that the defendant posses. *Buller Trucking Co. v. Owner Operation Independent Drive Risk Retention Group, Inc.,*

3

461 F. Supp.2d 768, 780 (S.D. Ill. 2006) (right to remove was waived when defendant failed to seek removal within 30 days of service of the original complaint where the allegations of plaintiff's amended complaint regarding damages were identical to those asserted in the original complaint, and defendant was on notice of this upon service of the original complaint); *See also Jeffrey M. Goldberg & Assoc. v. Collins, Tuttle & Co., Inc*., 739 F. Supp. 426 (N.D. Ill. 1990); and *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n.,* 668 F.2d 962, 965-66 (7th Cir. 1982), cert. denied, 459 U.S. 831 (1982).

The federal removal statute is clear that notice of removal must be filed within thirty (30) days of service of a complaint clearly putting defendant on notice that the action is removable. 28 U.S.C. § 1446. It is undisputed that the Complaint in this matter was served on Bell Helicopter on August 15, 2012 and that it put defendant on notice of removability. Thus, its time to remove expired 30 days later on September 14, 2012. Bell Helicopter, however, untimely removed on July 26, 2103.

The same allegations as made here were considered on a motion for remand based upon untimeliness in removing in *Pantalone v. Aurora Pump Co.,* 576 F.Supp.2d 325 (D.Conn.2008). In that case, the Plaintiff's complaint alleged, in pertinent part, that Pantalone "was exposed to various asbestos containing products while in the U.S. Navy, at various jobsites, at various times during the years 1951–1956 and while working in Connecticut as a Maintenance Mechanic at various jobsites, at various times during the years 1956–1987." *Id.* at 327. The plaintiff further alleged "that Pantalone's exposure to asbestos during this time was the result of his contact with products manufactured or supplied by each of the Defendants (including Buffalo Pumps), thus giving rise to their liability under Connecticut law." *Id.*. Four years later, an expert report, outlined the details of Pantalone's Navy service, including that he worked on the U.S.S.

4

Fulton, on the U.S.S. Dortch, and at a New London submarine base. Following this disclosure, defendant Buffalo Pumps then removed the case on federal officer grounds. *Id.* at 327-328. To support its removal under §1442(a)(1), Buffalo Pumps argued, as Bell Helicopter does here, that the allegations in the complaint were insufficient to put it on notice of removability and to further support its removal incorporated into its notice the affidavits of multiple witnesses who attested that all pumps it supplied to the Navy were designed and supplied pursuant to the Navy's precise specifications. *Id.* at 328.

The district court remanded the case finding the removal was untimely because the defendant failed to establish that removal could not be reasonably ascertained earlier. In reaching its ruling, the court found that the complaint had alleged that Pantalone was exposed to asbestos materials supplied by Buffalo Pumps during his Navy service. The only factual information relating to the details of Pantalone's Navy service and not found in the complaint and subsequently revealed in the expert report was found to be irrelevant by the court because Buffalo Pumps based its removal on its assertion that all the products it supplied to the Navy were designed and supplied pursuant to the Navy's precise specifications such that nothing revealed by the report such as the vessel names was of consequence to Buffalo Pumps' removal.

Here, Bell Helicopter likewise states that all products Mr. Douthitt would encounter in the Army were designed and supplied pursuant to the government's precise specifications thus the fact that his deposition testimony disclosed the helicopter model number is similarly inconsequential to the basis claimed for removal by Bell Helicopter given the complaint already alleged that he was exposed to asbestos materials made and supplied by Bell Helicopter during his Army service. Indeed, in *Teague v. Bell Helicopter Servs., Inc*., 4:03-CV-004-A, 2003 WL 21135481 (N.D. Tex. Feb. 12, 2003) cited by Bell Helicpoter in support of it Notice of Removal,

5

it admitted through the declaration of William T. Wilson who worked for Bell in contract administration for thirty-two years, and served as director of helicopter contracts that "Bell delivered *any helicopter and part* to the U.S. Army pursuant to a Government contract requiring Bell to adhere to detailed Government-approved design, production, marking, and shipping specifications." *Id.* With these admission in view, Bell Helicopter has failed to establish why it needed to know the specific product in this case in order to ascertain removability. As such Bell Helicopter has failed to establish that removal could not be reasonably ascertained earlier.

Bell Helicopter supports its removal by citing to *In re Asbestos Products Liability Litigation*, 770 F.Supp.2d 736 (E.D.Pa.2011) where the district court denied the plaintiff's motion for remand, finding that the complaint lacked the "substantial degree of specificity needed to establish the existence of a federal defense." 770 F.Supp.2d at 740. *In re Asbestos Products Liability Litigation* is inapposite.

In that case, the complaint identified a Naval Shipyard as a potential site of exposure and listed the range of years during which the plaintiff had worked at the shipyard. The court found that "[s]imply stating that Decedent was employed at the Long Beach Naval Shipyard is insufficient." *Id.* Instead, the court stated that "Defendant did not have a basis for removal until the nexus between Plaintiffs' claims and actions allegedly taken by Defendant under the direction of a federal officer was established." *Id*. The Court found that it was the Plaintiffs' Answers to Special Interrogatories that created the nexus because they stated the Plaintiffs' contention that the Defendant sold, supplied, marketed, and distributed asbestos containing products to which Decedent was exposed while in the U.S. Navy. *Id.*

Unlike in *In re Asbestos Products Liability Litigation,* the Douthitt's complaint does assert plaintiffs' contention that Bell Helicopter sold, supplied, marketed, and distributed

6

asbestos containing products to which Mr. Douthitt was exposed while in the U.S. Army thus the nexus was present and ascertainable well-before Mr. Douthitt's deposition. Moreover, unlike here and in *Pantalone*, the defendant in *In re Asbestos Products Liability Litigation* did not base its removal upon a claim that all its products that the plaintiff encountered would have been made and supplied pursuant to precise government specification such that it needed the product information that was apparently lacking in the complaint to ascertain removability.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this matter be remanded to, the Circuit Court for the Third Judicial Circuit, Madison County, Illinois for further proceedings.

DATED: August 1, 2013

NAPOLI BERN RIPKA SHKOLNIK & ASSOCIATES, LLP

__/S/ Steven M. Aroesty_____
Attorney for Plaintiffs
103 West Vandalia St., Ste. 125
Edwardsville, IL 62025
Phone: (618) 307-4528
E-mail: SAroesty@NapoliBern.com