IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM DOUTHITT and SONORA DOUTHITT | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 13-754-GPM ) |
| ARVINMERITOR INC., et al., | ) ) |
| Defendants. | ) ) ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case comes before the Court on a motion to remand to state court filed by Plaintiffs William and Sonora Douthitt (Doc. 8). Defendant, Bell Helicopter Textron Inc. ("Bell Helicopter") filed a response in opposition to Plaintiffs' motion to remand, which contends that this case is properly before the Court pursuant to 28 U.S.C. § 1442(a) – federal officer jurisdiction (Doc. 37). The Court has reviewed the papers and concludes that this case is due to be remanded to state court. For the following reasons, Plaintiffs' motion to remand (Doc. 8) is **GRANTED**.

## FACTS

This case was originally filed in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois on July 24, 2012 (Doc. 2-1, p. 3). Bell Helicopter is prominently identified as the second defendant in the caption of the complaint (Doc. 2-1, p. 3). Plaintiffs served Bell Helicopter with summons and the complaint on August 15, 2012 (Doc. 8-4, p. 2).

The second paragraph of Plaintiffs' complaint states that Plaintiff William Douthitt was employed by the United States Army from 1974 until 1976 (Doc. 2-1). A careful reading of the complaint also reveals that at least some of Mr. Douthitt's alleged asbestos exposure occurred while he was employed as a gunner in the Army.

The benefit of hindsight reveals that Bell Helicopter knew it "delivered any helicopter part to the U.S. Army pursuant to a Government contract requiring Bell to adhere to detailed Government-approved design, production, marking, and shipping specifications." (Doc. 37-1). Bell Helicopter also knows that the Government was involved in every aspect of the development and design of its helicopters (Doc. 37-1).

Once Bell Helicopter was served, thirty days came and passed, but Bell Helicopter did not avail itself of the federal officer removal statute - 28 U.S.C. § 1442(a). Instead, nearly a year passed until Bell Helicopter sought to remove the case. Bell Helicopter contends that it did not know the specifics of Mr. Douthitt's exposure until his deposition on June 27, 2013 (Doc. 2). Once Bell Helicopter "learned" that one of its *products* was at issue in this case, it sought to remove the case on July 26, 2013 pursuant to 28 U.S.C. § 1442(a) (Doc 27, p. 3).

Plaintiffs' complaint, however, contains numerous counts against the defendants that allegedly manufactured and supplied asbestos *products* (*See* Doc. 2-1). The complaint makes clear that some of the counts are directed at Bell Helicopter for its role in manufacturing and procuring *products* that allegedly contained asbestos. The facts highlighted by Bell Helicopter, which were critical to their basis for removal are as follows: Plaintiff William Douthitt worked as a gunner and a helicopter mechanic for the United States Army and worked with the Huey, UH-1G helicopter (*See* Doc. 37, p. 2-3). Nearly all of this is information is available in the complaint, except for the

specific type of helicopter.

## ANALYSIS

From the outset, it is important to note that a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction." *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). "Jurisdiction is the power to declare law, and without it the federal courts cannot proceed." *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986). In this instance, the party seeking the removal, Bell Helicopter, bears the burden of proving the grounds for federal officer jurisdiction. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1179 (7th Cir. 2012).

In general, there are four requirements to properly remove a case pursuant to federal officer jurisdiction. A party seeking to avail itself of federal officer jurisdiction "must show it was a (1) person (2) acting under the United States, its agencies, or its officers (3) that has been sued for or relating to any act under color of such office, and (4) has a colorable federal defense to the plaintiff's claim." *Id.* at 1180-81 (7th Cir. 2012) (internal quotations omitted).

The Seventh Circuit has succinctly explained the two different 30-day time limits for removal set out in 28 U.S.C. § 1446. *See Walker v. Trailer Transit, Inc.*, 13-8015, 2013 WL 4488915 (7th Cir. Aug. 23, 2013). When a case is removable based on the initial pleading, the notice of removal must be filed within 30 days after the receipt by the defendant of the initial pleading. 28 U.S.C. § 1446(b)(1). However, if the case stated by the initial pleading is not removable, then a notice of removal must be filed within 30 days after the date when the case became removable or the possibility of removal was ascertained. 28 U.S.C. § 1446(b)(3).

In this case, Plaintiffs' motion to remand focuses entirely on the timeliness of Bell Helicopter's removal. Bell Helicopter, the proponent of jurisdiction here, bears the burden to show that the removal was timely and that it meets all the criteria for federal officer jurisdiction. *Ruppel,* 701 F.3d at 1179. Therefore, Bell Helicopter's brief understandably devotes argument not just to the timing issue, but to all criteria. The Court, however, sees this as strictly a timing issue and will confine the bulk of its analysis accordingly.

A review of Plaintiffs' complaint reveals that the pleading, on its face, alleges claims for asbestos exposure against Bell Helicopter for its manufacture and procurement of products that allegedly contained asbestos. Bell Helicopter is a corporation and corporations can clearly avail themselves of federal officer jurisdiction. *Ruppel,* 701 F.3d at 1181.

The benefit of hindsight informs the Court that Bell Helicopter knew that all of its products were designed in accordance to the specifications of the United States Government. Therefore, Bell Helicopter has always known it was acting under the United States or its officers when it prepared its products. *Id.* Plaintiffs' complaint makes clear some of Mr. Douthitt's alleged asbestos exposure occurred while he was a gunner in the United States Army and came into contact with Bell Helicopter's products, which means this lawsuit relates to Bell Helicopter's work pursuant to the Government's specifications. Lastly, Bell Helicopter knew that it had a colorable federal defense to the plaintiff's claim.

All of the criteria necessary to establish federal officer jurisdiction were clear from the face of the complaint. A reasonable and commonsense reading of the complaint *should* have put Bell Helicopter on notice that this action was immediately removable. *See Fields v. Jay Henges Enterprises, Inc.*, 06-323-GPM, 2006 WL 1875457 (S.D. Ill. June 30, 2006).

Bell Helicopter claims that it waited to confirm certain facts before removing this case. However, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.'" *Id.* (quoting *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). It is abundantly clear from the face of the complaint that this case implicates one or some of Bell Helicopter's products. The only information not obvious from the face of the complaint that Bell Helicopter later discerned was the make and model of the specific helicopter. But Bell Helicopter knew that the Government was involved in every aspect of the development and design of its products. This argument about the specific type of helicopter fails.

The Seventh Circuit follows a strict view on a party's right to removal. When a defendant fails to remove a case within thirty days from the two scenarios contemplated by 28 U.S.C. § 1446, the defendant waives its right to removal. *See Wilson v. Intercollegiate (Big Ten Conference Athletic Ass'n*, 668 F.2d 962, 965-66 (7th Cir. 1982). Here, the removability of the case was evident to Bell Helicopter from the complaint itself and was immediately removable the day after service – August 16, 2012. *See* FED R. CIV. P. 6(a)(1) ("When the period is stated in dayus or a longer unit of time: (A) exclude the day of the vent that triggers the period;"). Bell Helicopter did not remove the case within thirty days after it was served with the complaint on August 15, 2012. Therefore, this case must be remanded to state court.

## **CONCLUSION**

Plaintiffs' motion to remand (Doc. 8) is **GRANTED**. The motion to strike filed by Defendant Gardner Denver Inc., (Doc. 21) is **DENIED** as **MOOT**. This case is **REMANDED** to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois

**IT IS SO ORDERED.**

**DATED**: September 17, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge